Narr. Pleas. First. That the record upon which the action is founded floes not contain any statement of the plff.'s demand before the justice, and is therefore imperfect and defective. Dig. 360. Second. Not guilty.
The court directed the jury to be sworn on the second plea, reserving the first for their own decision on inspection of the record.
Rogers, for plaintiff: Claimed title in the locus in quo under patent as far back as 1754, and he traced the title by sundry mesne conveyances to the plff., whose deed bore date 17 November, 1829. *Page 336 
He proved that the place in which the trespass was committed was within the lines of the plff.'s title deeds, but it also appeared that the land had been in dispute as far back as 1814, and the possession was doubtful. The only act of ownership which the plff. had exercised over it was the cutting of five or six cords of wood in the spring of 1832. The defendant objected to the cutting at the time; said it was over her lines, and took away a part of the wood. She had frequently cut on the land before that, large quantities of wood and rails.
Mr. Rodney for deft. moved a nonsuit. There is no principle better settled than that the plaintiff in an action of trespass must show himself to have been in possession at the time of the trespass committed. There is no such proof here. Mrs. Hill has always been in possession. The locus in quo is sufficiently distinct. She claims and is in possession of all the land on the north side of a certain branch which divides her farm from that of the plaintiff. It is not enough that the old deeds under which plff. claims title would include this land since it is apparent that the deft. has held adversely and the plff. was never in actual possession. He attempted to get the possession in 1832, by ordering his tenant to cut and carry away a portion of the wood, an attempt which was resisted at the time. On that occasion she asserted her right by apprising the tenant that he was cutting on her premises and by actually carrying off a part of the wood so cut. This clandestine and irregular entry would not give the plff. possession so as to enable him to maintain trespass. There must be an actual bona fide possession.
Rogers. The court will leave it to the jury if there be any proof of possession. The land in question is undoubtedly covered by the plff.'s title papers. The deed from Lowber to him conveyed him the legal title to the premises, and this is prima facie evidence of possession. It is peculiarly so in relation to woodland, of which there can be but little other evidence of actual occupancy. And in the case of a mixed possession, the law adjudges it to him who has the legal title. It was so decided by this court in the case ofHunter vs. Lank, ante 10. We show here some acts of actual possession and ownership; a general title to the whole farm and the use and enjoyment of this particular part. I admit that we must prove possession in this action, but it may be established by slight acts where the plff. has the legal title.
Rodney, in reply. A seisin in law is not a sufficient possession to maintain trespass. Roscoe Ev. 380. And shall such a seisin derived from the deed of a third party not himself proved to have been in possession put the plff. in possession of land held and claimed by us, and thus throw us into the condition of plff.'s in an ejectment instead of defts. I deny that there is any proof here of a mixed possession; the possession was always in the Hills, and never in the plff. except on one occasion, when he invaded our possession clandestinely for the very purpose of getting up this action of trespass. This is the only pretence of actual occupancy on the part of the plff., though it is proved that there has been some controversy or dispute about the premises ever since 1814. This is not therefore a mixed possession, and the court will not refer so bald a case to the jury, but will nonsuit *Page 337 
the plff., there being a total failure of proof in relation to his having been in possession.
Nonsuit ordered.
By the court. It appears from the evidence in this case that Mr. Clark is in possession of a farm, lying chiefly, if not altogether, on the south side of a certain branch called the Green Spring branch, and that Mrs. Hill is the owner of a farm on the north side of the same branch. To a small strip of woodland intervening, but also on the north side, both parties claim title; but it does not appear that the plff. was ever in the actual possession of this woodland, or exercised any act of ownership over it, but on one occasion, when his tenant entered by his orders and cut some five or six cords of wood, apparently with the sole purpose of placing himself in a condition to treat the deft. as a trespasser. We are of opinion that this one act did not give him such a possession as will enable him to maintain trespass. The deft. was in possession; had exercised frequent and unequivocal acts of occupancy and ownership; her possession could not be divested in this manner, even though the plff. had the legal title. Such an act would not of itself establish even a joint occupancy of the plff. with the deft. We agree to and repeat the decision in Hunter and Lank; but this is not the case of a mixed ownership or common possession. It is, as the proof now stands, the case of the legal title, unaccompanied by any actual possession on the one side, and an exclusive occupancy on the other. The plff. in such a case cannot maintain trespass against the party in possession, but must resort to his action of ejectment.
We therefore order a nonsuit.